IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-HC-2009-FL

| | | |
|---|---|---|
| GEORGE CARTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRICK TRIPP, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) (DE 15), petitioner's motion to supplement (DE 19) and petitioner's motion to expedite (DE 20). The motion to dismiss has been fully briefed and respondent did not respond to petitioner's motion to supplement or motion to expedite. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion to dismiss and denies petitioner's motion to supplement and motion to expedite.

**BACKGROUND**

Petitioner, a District of Columbia Code Offender ("DC Code Offender"), is serving a maximum aggregate prison term of 67 years and 90 days, based on the following sentences running consecutively: (1) nine to twenty-seven years' imprisonment for armed robbery, imposed on March 18, 1986 by the District of Columbia Superior Court; (2) 90-days' imprisonment for escape, imposed on November 19, 1986 by the U.S. District Court for the Eastern District of Virginia; (3) thirteen to thirty-nine years' imprisonment for two counts of armed robbery and carrying a deadly weapon, imposed on March 24, 1988 by the District of Columbia Superior Court; and (4) four months to one-

year' imprisonment for carrying a pistol without a license, imposed on October 14, 1988 by the District of Columbia Superior Court. (See Resp't's Mem. (DE 16) Ex. 1-A at 5-9). On January 30, 2009, the United States Parole Commission (the "Commission") granted petitioner parole, with a supervision termination date of April 3, 2053.[1] (Id. Ex. 1-B at 1).

On November 30, 2009, petitioner was arrested for assault, attempted threats to do bodily harm (2 counts), and attempted possession of a prohibited weapon (2 counts). (Id. Ex. 1-D at 2). On December 7, 2009, the Commission issued a revocation warrant charging petitioner with violating the terms of his parole by failing to submit to drug testing and new law violations (based on the November 30, 2009 arrest) ("First Revocation Warrant"). (Id. at 1-3). Petitioner was taken into custody on the First Revocation Warrant on April 29, 2010. (See id. at 4).

On April 28, 2010, the District of Columbia Superior Court dismissed the new charges without prejudice. (Id. Ex. 1-E). The Commission, however, conducted a probable cause hearing on the First Revocation Warrant, found that probable cause existed to pursue the revocation, and scheduled a revocation hearing for June 7, 2010. (Id. Ex. 1-F at 3-4). The June 7, 2010 hearing was continued because petitioner and multiple witnesses failed to appear. (Id. Ex. 1-G).

On October 21, 2010, while still in custody awaiting his revocation hearing, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the U.S. District Court for the District of Columbia. Carter-El v. Fulwood, No. 1:10-CV-1778 (D.D.C. Oct. 21, 2010). Petitioner sought release from custody on the First Revocation Warrant, arguing in part that the Commission did not have authority to revoke his parole because he had never been sentenced to a term of parole. See

---

[1] Pursuant to the National Capital Revitalization Act of 1997 ("the Act"), Congress mandated that the federal Bureau of Prisons ("BOP") house DC Code Offenders. See Pub. L. No. 105-33, § 11231(a), 111 Stat. 712, 745 (1997) (codified at DC Code § 24-131(a)) The Act gives the United States Parole Commission exclusive jurisdiction over all DC felony prisoners. See id.; Allen v. Cauley, No. 1:11-0337, 2013 WL 2458526, at *3 (S.D. W. Va. June 6, 2013).

2

Carter-El v. Fulwood, 819 F. Supp. 2d 38, 40 (D.D.C. 2011). The district court denied the petition, finding without merit his claims that the Commission lacked jurisdiction over him or authority to enforce the terms of his parole. See id. at 40-41.

On February 10, 2011, the Commission conducted the revocation hearing. At the hearing, the examiner found insufficient evidence for the violations, in part because the witnesses had not appeared and the criminal charges had been dismissed. (See Resp't's Mem. (DE 16) Ex. 1-H at 2-3). The Commission dismissed the revocation proceedings, ordered petitioner released from detention, and reinstated parole supervision. (See id. Ex. 1-I).

On September 14, 2011, petitioner was arrested for being a felon in possession of a firearm, carrying a pistol without a license, possessing an unregistered firearm, and unlawful possession of ammunition. (Id. Ex. 1-K at 5-6). The Commission issued a second revocation warrant ("Second Revocation Warrant") on December 13, 2011, charging petitioner with: failure to make diligent efforts to find employment; failure to submit to drug testing; and new law violations (stemming from the September 14, 2011 arrest). (Id. Ex. 1-L at 2-3). On August 14, 2012, petitioner was convicted by a jury on all pending criminal charges and the court sentenced him to 72 months imprisonment and 3 years of supervised release. (Id. Ex. 1-M).

Petitioner served his 72-month sentence at the Rivers Correctional Institution ("Rivers") in Winton, North Carolina. On August 1, 2014, while petitioner was serving his sentence, the United States Marshals Service issued a detainer for petitioner on the Second Revocation Warrant, and sent it to Rivers. (Id. Ex. 1-O at 1). Pursuant to 28 C.F.R. § 2.100, the Commission also conducted a dispositional review of the Second Revocation Warrant, and, on January 7, 2015, found that the

3

Commission has jurisdiction over the petitioner and ordered that the detainer "stand" until the new sentence was completed. (Id. Exs. 1-Q at 1; Ex. 1-R); see also 28 C.F.R. § 2.100(c).

Petitioner completed his 72-month sentence on the firearms charges on December 4, 2016. (Resp't's Mem. (DE 16) Ex. 1-A at 3) That same day, the Rivers warden executed a copy of the Second Revocation Warrant and provided a copy to Petitioner. (Id. Ex. 1-S at 1). Petitioner refused to sign the "warrant return" page. (Id.).

A revocation hearing was set for January 23, 2017, but petitioner refused to appear. (Id. Ex. 1-U). According to petitioner's case manager, he claimed the Commission lacked jurisdiction to conduct the revocation hearing. (Id.). The Commission continued the hearing to April 20, 2017, but petitioner again refused to appear. (See id. Exs. 1-V, 1-W at 1). The hearing examiners considered petitioner's case in his absence, and found that petitioner failed to make diligent efforts to find employment, failed to submit to drug testing, and committed new law violations, all in violation of the terms of his parole. (See id. Ex. 1-W at 2-3). Based on these findings, the Commission revoked parole and ordered a new parole effective date of August 13, 2017, contingent upon approval of an appropriate release plan. (See id. Ex. 1-X at 1-2).

In the interim, petitioner filed the instant habeas petition on January 11, 2017. The petition is not a model of clarity. Petitioner appears, however, to assert the following claims for relief: (1) the Commission lacks jurisdiction over him because he was not sentenced to a term of parole; (2) BOP miscalculated his sentence for his 1986 and 1988 convictions; and (3) the Commission violated

4

his due process rights by holding the revocation hearing in petitioner's absence.[2] (See Pet. (DE-1) at 6-10 & Mot. to Supplement (DE-5) at 1-2).

## DISCUSSION

A.   Standard of Review

Respondent filed his motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the factual basis for subject matter jurisdiction, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the [petitioner], in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[T]he facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the respondent challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider

---

[2] Petitioner also claims that the detainer and Second Revocation Warrant were "fraudulent" and "falsified" because the Rivers warden signed the "warrant return" page where the Deputy U.S. Marshal was supposed to sign. (See Pet. (DE 1) at 6-7 & Ex. C1 (DE 1-1) at 5). But the Second Revocation Warrant specifically states that the U.S. Marshal should not execute the warrant if petitioner was in custody, and instead must lodge a detainer against petitioner. (See Second Revocation Warrant & Detainer, Resp't's Mem. (DE 16) Ex. 1-O at 1-3). The detainer was lodged with Rivers and signed by the U.S. Marshal on August 1, 2014. (See id. at 1). The court construes the allegations concerning the "fraudulent" and "falsified" warrant and detainer to be part of petitioner's overarching claim that the Commission lacks jurisdiction over him.

5

evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

By contrast, a Rule 12(b)(6) motion to dismiss that relies on facts outside the pleadings must be treated as a motion for summary judgment. See Plante v. Shivar, 540 F.2d 1233, 1234 (4th Cir. 1976) (per curiam). Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.    Analysis

    1.    Petitioner's First and Second Claims for Relief

In his first claim for relief, petitioner contends that the Commission lacks jurisdiction over him because he was not sentenced to a term of parole by the District of Columbia Superior Court and because the Sentencing Reform Act of 1984, 18 U.S.C. § 3551, et seq., abolished parole for

federal (U.S. Code) offenders who committed their offenses after November 1, 1987.[3] (See Pet. (DE-1) at 6-9); see also Richmond v. Polk, 375 F.3d 309, 316 (4th Cir. 2004) (noting the Sentencing Reform Act of 1984 abolished parole for federal offenders). According to petitioner, because he was not sentenced to a term of parole, the Commission lacks jurisdiction over him and may not charge him with parole violations or otherwise enforce the terms of his parole. (See Pet. (DE-1) at 6-9). Petitioner's second claim for relief is that BOP miscalculated his sentence for his 1986 and 1988 District of Columbia Superior Court convictions for armed robbery and carrying a deadly weapon. (See Pet. (DE-1) at 9-10).

Second or successive habeas claims brought by state prisoners pursuant to § 2254 require pre-filing authorization from the court of appeals, and failure to obtain such authorization divests the district court of jurisdiction over the claims. 28 U.S.C. § 2244(b)(3)(A); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Although petitioner purports to bring his petition under § 2241, the Fourth Circuit has held that "regardless of how they are styled, federal habeas petitions of prisoners who 'are in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence. Therefore, those petitions are subject to the second-or-successive authorization requirement set forth in § 2244(b)(3)." In re Wright, 826 F.3d 774, 779 (4th Cir. 2016).

Petitioner, as a DC Code Offender, is treated as a state prisoner for purposes of federal habeas review. Madley v. U.S. Parole Comm'n, 278 F.3d 1306, 1308-10 (D.C. Cir. 2002); Gorbey v. Zych, 689 F. App'x 165 (4th Cir. 2017) (per curiam) (requiring DC Code Offenders to obtain a

---

[3] Petitioner is a DC Code Offender, not a federal (U.S. Code) offender, and so the Sentencing Reform Act does not apply to his case.

7

certificate of appealability under § 2253(c)(1)(A), applicable only to state prisoners, in order to appeal denial of § 2241 petition). As set forth above, petitioner filed a § 2241 petition on October 21, 2010 in the United States District Court for the District of Columbia, arguing that the Commission lacked jurisdiction to place him on parole. See Carter-El, 819 F. Supp. 2d at 40. Thus, petitioner must obtain pre-filing authorization from the Fourth Circuit for any claims that are considered "second or successive" in the current petition. 28 U.S.C. § 2244(b)(3)(A); Wright, 826 F.3d at 779.

A claim challenging the execution of a sentence is second or successive where the claims was "available to the petitioner at the time of a prior petition's filing." Wright, 826 F.3d at 784 (citing McCleskey v. Zant, 499 U.S. 467, 489 (1991)). Petitioner's first two claims for relief – that the Commission lacks jurisdiction over him and that BOP miscalculated his sentence – were available to petitioner when he filed his first § 2241 petition on October 21, 2010. Petitioner specifically argued the Commission lacked jurisdiction to place him on parole in his initial habeas petition. See Carter-El, 819 F. Supp. 2d at 40. And petitioner was sentenced for his armed robbery and carrying a deadly weapon convictions in 1986 and 1988, and thus BOP calculated his sentence on those convictions long before October 21, 2010. Accordingly, petitioner's first two claims for relief are successive and the court lacks jurisdiction over them because petitioner did not obtain pre-filing authorization from the Fourth Circuit, the court lacks jurisdiction over them. Wright, 826 F.3d at 779, 784; Winestock, 340 F.3d at 205. Petitioner's first two claims for relief are thus DISMISSED without prejudice.

  2. Petitioner's Third Claim for Relief

Petitioner also contends that the Commission violated his due process rights by holding the revocation hearing in his absence. (See Mot. to Supplement (DE-5) at 1-2). This claim is not successive because the revocation hearing took place on April 20, 2017, and petitioner could not have brought it in his October 21, 2010 habeas petition. (See Resp't's Mem. (DE 16) Ex. 1-W at 1).

Respondent contends that this claim should be dismissed because petitioner failed to exhaust his administrative remedies.[4] Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts require prisoners challenging the execution of their sentences to exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See United States v. Vance, 563 F. App'x 277, 278 (4th Cir. 2014); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam); see also Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) ("[I]n the absence of exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent, courts require exhaustion of alternative remedies before a prisoner can seek federal habeas relief.") (internal quotations and citations omitted). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court. See Jones v. Bock, 549 U.S. 199, 204 (2007). Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445.

---

[4]In the habeas context, the failure to exhaust state or administrative remedies is not a jurisdictional defense. See Jenkins v. Fitzberger, 440 F.2d 1188, 1189 (4th Cir. 1971) (per curiam). Thus, the court may only consider matters outside the pleadings if it converts respondent's Rule 12(b)(6) motion to dismiss into a motion for summary judgment. See Plante, 540 F.2d at 1234. On July 12, 2017, the court notified petitioner that it may treat respondent's motion as a motion for summary judgment because it relies on matters outside the pleadings, and instructed petitioner that he "cannot rely only on the complaint or other pleadings to defeat a motion for summary judgment." (Letter from Peter A. Moore, Clerk of Ct., to George Carter (July 12, 2017) (DE 17) at 1). Petitioner attached numerous exhibits to his response to the motion to dismiss, and specifically argued that those exhibits demonstrated he exhausted his administrative remedies. (See Pet'r's Resp. (DE 18-1) at 15 & Exs. Z-1 to Z-14). In this posture, the court may rule on the motion without providing petitioner further opportunity to respond. See Bosiger v. U.S. Airways, 510 F.3d 442, 450-51 (4th Cir. 2007).

To exhaust administrative remedies on his claim that the revocation proceedings violated due process, petitioner must appeal the revocation decision to the Commission's National Appeals Board. Swinson v. U.S. Parole Comm'n, 682 F. Supp 29, 31 (E.D.N.C. 1988), aff'd, 849 F.2d 606 (4th Cir. 1988) (table); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). Petitioner does not contest that he failed to pursue an appeal to the National Appeals Board, and he also has made no showing of cause or prejudice that could excuse the default. Thus, his third claim for relief is non-exhausted, and it is DISMISSED without prejudice to allow petitioner the opportunity to exhaust administrative remedies.[5]

Petitioner also filed a motion to supplement (DE 19) and a motion to expedite (DE 20). The motion to supplement is an exact copy of the petitioner's previous motion to supplement (DE 5), which the court granted on May 8, 2017 (DE 6), and thus it is DENIED as moot. The motion to expedite is also DENIED as moot in light of the court's decision dismissing the petition without prejudice.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Accordingly, the court denies a certificate of appealability.

---

[5] Respondent argues the court should dismiss this claim as procedurally defaulted because petitioner did not appeal the revocation decision within 30 days as required by 28 C.F.R. § 2.26. A claim may be treated as procedurally defaulted if the petitioner would be barred under the relevant administrative rules from presenting it in the administrative forum. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). But that rule only applies where the administrative rule "is firmly established and consistently followed." Martinez v. Ryan, 566 U.S. 1, 9-10 (2012) (emphasis added). Respondent has made no showing that 28 C.F.R. § 2.26 is "consistently followed" by the National Appeals Board such that it qualifies as an adequate and independent procedural bar.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 15) is GRANTED, and the petition is DISMISSED without prejudice. A certificate of appealability is DENIED. The motion to supplement (DE 19) and the motion to expedite (DE 20) are DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 20th day of March, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge